UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRISTOUT BOURGUIGNON

v.  C.A. NO. 08-226 S

WAYNE T. SALISBURY, et al.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

*Pro se* plaintiff, Bristout Bourguignon, filed the instant matter complaining of the conditions of his confinement at the Donald W. Wyatt Detention Facility where he was detained (Docket # 12). He names 19 defendants, 15 of whom have been served with a summons and amended complaint in this matter.

Presently before the Court are plaintiff's motions for: (1) default judgment against 12 of the defendants (Docket # 27) and (2) "relief" against all of the defendants (Docket # 28). This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend plaintiff's motions be DENIED. However, concurrent with this Memorandum and Order, I have issued a Show Cause Order requiring the each of the 15 defendants who have been served to show cause in writing why default should not be entered against him or her (Docket # 32).

I.  MOTION FOR DEFAULT JUDGMENT AGAINST 12 DEFENDANTS

Plaintiff filed a motion for default judgment against 12 defendants on November 24, 2008 (Docket # 27). Plaintiff alleged that these 12 defendants had failed to comply with a Court Order

1

dated November 7, 2008 granting an extension of time to certain defendants to respond to plaintiff's amended complaint. However, not only did the Court Order apply to only one of the 12 defendants, but the time for the response set in the Court Order had not expired when plaintiff filed his motion. Further, with respect to the other 11 defendants not subject to the Court Order, four had not been served and the time for a response to plaintiff's amended complaint by the other seven had not expired. Finally, no default had been entered against any of the 12 defendants, and the entry of default is a prerequisite for the entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure (the "Federal Rules"). *See, e.g., Husain v. Casino Control Com'n*, 265 Fed.Appx. 130, 133 (3rd Cir. 2008)(citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (2007)); *see also U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 168 n.15 (1st Cir. 2004).

Accordingly, as none of the 12 defendants had violated a Court Order, was late in responding to plaintiff's amended complaint, or had a default entered against him or her at the time plaintiff filed this motion, I recommend plaintiff's motion be DENIED.

## II. MOTION FOR RELIEF

Plaintiff filed a second motion on December 2, 2008 requesting "relief" based on defendants' failure to respond to plaintiff's amended complaint within the extension of time granted by the Court for such responses (Docket # 28). As plaintiff is requesting a court order granting him all the relief he seeks in this action, such motion shall be interpreted as a motion for default judgment against all defendants pursuant to Federal Rule 55.

As with his prior motion for default judgment, plaintiff's second motion is also flawed. First, only 14 of the 19 defendants were subject to the Court Orders extending the time for

response to plaintiff's amended complaint. Second, default has not been entered against any of the defendants in this case, and, as noted above, the entry of default is a prerequisite for the entry of default judgment under Federal Rule 55, *see, e.g., Husain*, 265 Fed.Appx. at 133. Accordingly, I recommend plaintiff's motion for "relief" be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
January 20, 2009