UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRISTOUT BOURGUIGNON

v.  C.A. NO. 08-226 S

WARDEN WAYNE T. SALISBURY, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Bristout Bourguignon, *pro se*, a former detainee at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, filed an amended complaint (the "Amended Complaint") alleging a violation of his constitutional rights by defendants (Docket # 12).

Presently before the Court is plaintiff's motion for entry of default judgment, presumably pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against defendants LaRossi and Manns [erroneously referred to by plaintiff as "Manngs"] (Docket # 37). Defendant Manns, in his motion to dismiss for insufficient process and insufficient service of process, has objected to plaintiff's motion for default judgment against him (Docket # 42). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Here, as plaintiff has not shown that either LaRossi or Manns were properly served, default judgment should not be granted against either of these defendants. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firem's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D.Md. 1996); *see also Lantor, Inc. v. Nicassio Corp.*, C.A. No. 06-46, 2007 WL 204015 at *11 (D.R.I. Jan. 24, 2007); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed.1998) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process").

First, there is no evidence that a summons was ever served on LaRossi. Although the record includes returned executed summonses for 16 of the 19 named defendants (Dockets ## 14, 16-22, 29 & 34) and returned unexecuted summonses for 2 of the remaining 3 defendants (Dockets ## 30 & 33), no summons addressed to LaRossi was ever returned executed (or unexecuted). Further, no lawyer has appeared on his behalf in this action. Second, with respect

1

to Manns, I previously issued a Report and Recommendation recommending that Manns be dismissed from this action for insufficient process and insufficient service of process (Docket # 44). Accordingly, I recommend that plaintiff's motion for default judgment against LaRossi and Mann be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: August 10, 2009